## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### CASE NO:

ANTHONY LOVETT,

      Plaintiff,

      v.

KS JANITORIAL SERVICES, INC.,
a Florida for-profit corporation,

      Defendant.

_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY LOVETT ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendant, KS JANITORIAL SERVICES, INC. ("Defendant"), and alleges as follows:

### INTRODUCTION

1. Defendant unlawfully deprived Plaintiff of overtime compensation during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201-216*, to recover all overtime wages that Defendant refused to pay Plaintiff during his employment.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Hillsborough County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, KS JANITORIAL SERVICES, INC., was a Florida for-profit corporation located and transacting business within Tampa, Florida, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Plaintiff worked for Defendant, KS JANITORIAL SERVICES, INC., at 10215 N. 30th Street, Tampa, Florida 33612.

5. Defendant, KS JANITORIAL SERVICES, INC., was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. All acts and omissions giving rise to this dispute took place within Hillsborough County, Florida, which falls within the jurisdiction of this Honorable Court.

7. Defendant, KS JANITORIAL SERICES, INC., regularly transacts business in Hillsborough County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

9. Defendant, KS JANITORIAL SERVICES, INC., is a provider of janitorial services within the Tampa Bay area of Florida. Its services include post-construction cleaning; carpet maintenance; floor maintenance; sanitizing; window cleaning; and tile buffing, stripping, and waxing. *See http://www.ks-janitorial.com/?section=about-ks* (last visited June 30, 2020).

10. Defendant employs individuals such as Plaintiff to provide labor and perform cleaning operations for various entities within the Tampa Bay and surrounding areas.

**FLSA COVERAGE**

11. The FLSA covers Defendant, KS JANITORIAL SERVICES, INC., through enterprise coverage, as Defendant was engaged in interstate commerce during Plaintiff's employment period. More specifically, Defendant's business and Plaintiff's work for Defendant affected interstate commerce because the goods and materials that Plaintiff and other employees used or handled on a constant and continuous basis moved through interstate commerce prior to Plaintiff's use of the same. Accordingly, Defendant was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

12. During his employment with Defendant, Plaintiff and multiple other employees handled and worked with various goods or materials that moved through interstate commerce, including, but not limited to gloves, mops, brooms, dustpans, disinfectants, wipes, spray bottles, wax, vacuums, trash bags, etc.

13. Defendant, KS JANITORIAL SERVICES, INC., regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant, KS JANITORIAL SERVICES, INC., an enterprise covered by the FLSA.

14. Upon information and belief, Defendant, KS JANITORIAL SERVICES, INC., grossed or did business in excess of $500,000.00 during the years 2018 and 2019, and it is expected to gross in excess of $500,000.00 in 2020.

15. During all times material hereto, Plaintiff was a non-exempt hourly employee of Defendant within the meaning of the FLSA.

**PLAINTIFF'S WORK FOR DEFENDANTS**

16. Plaintiff began working for Defendant in or around June 2018 as a janitor.

17. During all time periods pertinent to this Complaint, Defendant retained the power to hire, fire, and discipline employees, as well as control company pay practices as they relate to Plaintiff and other company employees.

18. During all time periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendant as a janitor, cleaning up the acid on the floors of a battery plant.

19. During all times material hereto, Plaintiff was an hourly employee whole regular hourly rate was ten dollars ($10.00) per hour.

20. Plaintiff worked in excess of forty (40) hours per week in one or more of his workweeks while employed by Defendant. Plaintiff worked approximately forty-eight (48) hours per workweek.

21. Regardless of the number of hours Plaintiff worked, including when Plaintiff worked in excess of forty (40) hours, Defendant paid Plaintiff a straight rate of ten dollars ($10.00) per hour.

22. Therefore, Defendant failed to pay Plaintiff time-and-one-half his regular hourly rate when Plaintiff worked in excess of forty (40) hours in a workweek.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***

23. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 22 as though set forth fully herein.

24. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

25. From in or around June 2018 through the present, Defendant refused to compensate Plaintiff at the proper overtime rate of time-and-one-half that the FLSA requires for hours worked in excess of forty (40).

26. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as the FLSA requires, as Defendant knew of the overtime requirements of the FLSA.

27. Defendant recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during the relevant time period.

28. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

29. Defendant's willful or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

30. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ANTHONY LOVETT, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, KS JANITORIAL SERVICES, INC., and award Plaintiff: (a) unliquidated damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) reasonable attorney's fees and costs to be paid by Defendant; and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, ANTHONY LOVETT, requests and demands a trial by jury on all appropriate claims.

**Dated this 1st day of July, 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-**
**JORDAN RICHARDS, PLLC**
805 East Broward Blvd., Suite 301
Fort Lauderdale, Florida 33301
Tel: (954) 871-0050
*Counsel for Plaintiff, Anthony Lovett*

By: _/s/ Jordan Richards, Esq._____
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*April@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 1, 2020.

By: *_/s/ Jordan Richards, Esq._____*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: